IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JEANETTE HALL** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 4:12-cv-03102 |
| | § | |
| **ATRIA MANAGEMENT COMPANY, LLC** | § | |
| | § | |
| Defendant. | § | |

## ANSWER TO COMPLAINT

Defendant, Atria Management Company, LLC ("Atria"), by and through counsel, for its Answer to Plaintiff's Complaint, states as follows:

### DISCOVERY CONTROL PLAN LEVEL

1. In response to numerical paragraph 1 of the Complaint, Atria states that the Complaint speaks for itself.

### PARTIES AND SERVICE

2. Atria lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 2 of the Complaint and, therefore, denies them.

3. In response to the allegations contained in numerical paragraph 3 of the Complaint, Atria affirmatively denies that it is a corporation based in Texas and organized under the laws of Texas, and states instead that it is a limited liability company organized under the laws of Delaware with a principal place of business in Louisville, Kentucky. The remaining allegations contained in numerical paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Atria denies the remaining allegations contained in numerical paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. In response to numerical paragraph 4 of the Complaint, Atria states that the Complaint speaks for itself.

5. In response to the allegations contained in numerical paragraph 5 of the Complaint, Atria denies that it is a Texas resident. The remaining allegation contained in numerical paragraph 5 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Atria denies the remaining allegation contained in numerical paragraph 5 of the Complaint.

6. The allegation contained in numerical paragraph 6 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Atria denies the allegation contained in numerical paragraph 6 of the Complaint.

## NATURE OF ACTION

7. In response to the allegations contained in numerical paragraph 7 of the Complaint, Atria states that the Complaint speaks for itself and, therefore, no response to Plaintiff's characterization of same is required. Atria, however, affirmatively denies that it committed any unlawful employment practices, and denies any remaining allegations contained in numerical paragraph 7 of the Complaint.

## CONDITIONS PRECEDENT

8. Atria lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of numerical paragraph 8 of the Complaint and, therefore, denies them. Atria admits the allegations contained in the second sentence of numerical paragraph 8 of the Complaint. The allegations contained in the third sentence of numerical paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Atria denies the allegations contained in the third sentence

of numerical paragraph 8 of the Complaint.  Atria lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in numerical paragraph 8 of the Complaint and, therefore, denies them.

## FACTS

9. In response to the allegations contained in numerical paragraph 9 of the Complaint, Atria admits only that Plaintiff worked as a Resident Services Assistant for Atria Management Company, LLC and that Atria terminated Plaintiff after an internal investigation revealed that she had divulged confidential medical information regarding Atria residents in violation of federal law and Atria policy.  Atria denies all remaining allegations contained in numerical paragraph 9 of the Complaint inclusive of all subparagraphs.

## RACE AND COLOR DISCRIMINATION

10. Atria denies the allegations contained in numerical paragraph 10 of the Complaint.

11. Atria denies the allegations contained in numerical paragraph 11 of the Complaint.

12. Atria denies the allegations contained in numerical paragraph 12 of the Complaint.

13. Atria denies the allegations contained in numerical paragraph 13 of the Complaint.

14. Atria denies the allegations contained in numerical paragraph 14 of the Complaint.

## RETALIATION BY ATRIA MANAGEMENT COMPANY

15. In response to the allegations contained in numerical paragraph 15 of the Complaint, Atria denies that Plaintiff "oppos[ed] a discriminatory practice" and further denies

that it committed any unlawful employment practices. Atria denies the remaining allegations contained in numerical paragraph 15 of the Complaint.

## RESPONDEAT SUPERIOR AND RATIFICATION

16. In response to the allegations contained in numerical paragraph 16 of the Complaint, Atria states that the Complaint speaks for itself and, therefore, no response to Plaintiff's characterization of same is required. Atria further states that the allegations contained in numerical paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Atria denies the allegations contained in numerical paragraph 16 of the Complaint.

## DAMAGES

17. In response to the allegations contained in numerical paragraph 17 of the Complaint, Atria affirmatively denies that it committed any unlawful employment practices and further affirmatively denies that Plaintiff is entitled to the relief sought in numerical paragraph 17 of the Complaint and any of its subparts. Atria denies any remaining allegations contained in numerical paragraph 17 of the Complaint, including all subparts.

## EXEMPLARY DAMAGES

18. In response to the allegations contained in numerical paragraph 18 of the Complaint, Atria affirmatively denies that it committed any unlawful employment practices and further affirmatively denies that Plaintiff is entitled to the relief sought in numerical paragraph 18 of the Complaint. Atria denies any remaining allegations contained in numerical paragraph 18 of the Complaint.

## SPECIFIC RELIEF

19. In response to the allegations contained in numerical paragraph 19 of the Complaint, Atria affirmatively denies that it committed any unlawful employment practices and

further affirmatively denies that Plaintiff is entitled to the relief sought in numerical paragraph 19 of the Complaint and any of its subparts. Atria denies any remaining allegations contained in numerical paragraph 19 of the Complaint, including all subparts.

20. Any and all allegations contained in the Complaint, which were not specifically admitted, are hereby denied.

21. Atria denies that Plaintiff is entitled to the damages sought and the relief requested in the Complaint, including, but not limited to, those identified in numerical paragraphs 17-19 of the Complaint inclusive of all subparts, and those requested in the prayer for relief, stated on page 7 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim or cause of action upon which relief can be granted.

### SECOND DEFENSE

All of Atria Management Company, LLC's actions with respect to Plaintiff were taken for legitimate and non-discriminatory and non-retaliatory reasons, and all of Atria Management Company, LLC's actions were made in good faith and without malice or reckless desire to harm the Plaintiff.

### THIRD DEFENSE

Plaintiff has failed to mitigate her damages, if any. Moreover, some or all of Plaintiff's alleged damages, the existence of which Defendant denies, may be barred in whole or in part by the doctrine of after-acquired evidence.

**FOURTH DEFENSE**

Plaintiff was not employed pursuant to a contract of employment that limited the terminable at-will status in any manner, including any limitation to terminating employment pursuant to a specific time frame or under the condition of any "for cause" basis. Atria Management Company, LLC's documents and employment policies contained disclaimer language negating the formation of any contract contrary to the employment terminable at-will relationship.

**FIFTH DEFENSE**

If Plaintiff suffered any damages, which Atria disputes, such damages were proximately and legally caused by the misconduct and fault of Plaintiff or parties other than Atria.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims and/or recovery are barred in whole or in part by the statute of limitations.

**SEVENTH DEFENSE**

Plaintiff's Complaint is barred for failure to exhaust her administrative remedies and/or by the doctrine of election of remedies.

**EIGHTH DEFENSE**

Defendant hereby gives notice that it intends to rely upon affirmative defenses that may become available or apparent during the course of discovery and, therefore, reserves the right to amend or supplement its Answer, file further pleadings, and assert additional claims and defenses as supported by the evidence.

## **NINTH DEFENSE**

Plaintiff's claim for exemplary damages is barred to the extent that exemplary damages would violate Defendant's rights and privileges under the Constitutions of the United States of America and the State of Texas.

**WHEREFORE**, Atria Management Company, LLC hereby demands and prays for judgment as follows:

    A.    That Plaintiff's Complaint and each allegation contained therein be dismissed with prejudice;

    B.    That judgment be awarded in favor of Atria;

    C.    For judgment against Plaintiff awarding Atria its costs and expenses incurred in this action, including reasonable legal costs and attorneys' fees; and

    D.    Any and all other relief to which Atria may appear entitled.

Respectfully submitted,

*/s/ Mauro Ramirez*
**MAURO RAMIREZ**
*Attorney-In-Charge*
Texas Bar No. 24060460
S.D. No. 877306
**FISHER & PHILLIPS LLP**
333 Clay Street, Suite 4000
Houston, TX  77002
Telephone: (713) 292-0150
Facsimile: (713) 292-0151

-and-


**THOMAS J. BIRCHFIELD**
*(to be admitted)*
**LAUREL K. CORNELL**
*(to be admitted)*
**FISHER & PHILLIPS LLP**
220 West Main Street
Suite 2000
Louisville, Kentucky  40202
Phone:  (502) 561-3990
Fax:  (502) 561-3991
tbirchfield@laborlawyers.com
lcornell@laborlawyers.com

**ATTORNEYS FOR DEFENDANT, ATRIA MANAGEMENT COMPANY, LLC**

**CERTIFICATE OF SERVICE**

    I certify that on the 18th day of October, 2012, the foregoing instrument was filed into the record of the above-captioned case via the Court's CM/ECF system, and was served via Certified Mail/Return Receipt Requested, to Plaintiff through her counsel listed below:

R. Nicole Stagg<br>
The Great Southwest Building<br>
LAW OFFICES OF JAMES AND STAGG, PLLC<br>
1314 Texas Avenue, Suite 701<br>
Houston, Texas  77002-3522

                                           */s/ Mauro Ramirez*_____<br>
                                           **MAURO RAMIREZ**