IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEANETTE HALL | § § § | |
| Plaintiff, | § § | |
| vs. | § | NO. 4:12-cv-03102 |
| ATRIA MANAGEMENT COMPANY, LLC | § § § | |
| Defendant. | § § | |

## PROTECTIVE ORDER

Considering the foregoing Joint Motion for Protective Order;

IT IS HEREBY ORDERED THAT:

    1.    This Agreed Order controls the use of information designated by either party as "Confidential" and contained in any computer data, video or audio tape recordings, and all other documents, including responses to Requests for Production, Interrogatories, testimony (including deposition testimony and deposition exhibits), or other materials produced in this action.

    2.    "Confidential Information" shall include proprietary business information and individual personal information designated clearly by the producing party as "confidential."

    3.    All documents produced by the parties that contain Confidential Information and are designated "Confidential" shall be treated and maintained as such by all persons to whom such documents are disclosed pursuant to the terms of this Order.

    4.    Documents, materials and information designated as Confidential Information shall be used ONLY in connection with this case and may not be disclosed in whole, in part, or in substance, to persons who are not parties to this action or counsel of record for the parties to this action except as may otherwise be allowed by this Order. The use and/or disclosure of

Confidential Information to any person or entity other than the parties to this case or their counsel of record is expressly prohibited. However, this Protective Order in no way operates to restrict the disclosure or use of any information which is known or becomes known through proper and legal means or sources outside of this litigation.

5. Any documents, exhibits, or other materials (or portions thereof) which are designated as Confidential Information pursuant to the terms hereof shall be marked on the front page of a multi-page document and on each applicable single page document with a stamp or written statement clearly indicating that it is regarded as containing Confidential Information; or as to voluminous productions, they may be marked in any other manner agreeable to all counsel and/or the parties. A stamp or clearly printed statement in the form as follows shall be regarded as sufficient:

"CONFIDENTIAL"

Where Confidential Information is in a form such that a stamp or mark cannot be reasonably affixed thereon, then such information shall be designated Confidential Information in any manner that is agreed upon by the parties in writing.

Deposition testimony and exhibits may be designated as Confidential Information either at the time of the deposition or by written notice to opposing counsel and the court reporter not later than thirty (30) days after receipt of the deposition transcript.

The Parties shall use reasonable care not to disclose Confidential Information in the public record regarding this proceeding. In the event that Confidential Information is attached to or referred to in any filings deposited by Counsel with the Clerk of this Court, they shall be filed in an envelope bearing the following designation when deposited;

**CONFIDENTIAL**

**IN ACCORDANCE WITH PROTECTIVE ORDERS OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO PERSONS OTHER THAN ATTORNEYS IN THIS CASE.**

6.  Documents, materials, exhibits, and information designated as Confidential Information pursuant to the terms of this Order may be disclosed for purposes of this action to trial counsel, employees and professional and legal assistants of counsel, and to any consulting or testifying expert or lay witness in this action. Any expert(s) or lay witnesses to whom Confidential Information is disclosed (outside of a formal deposition) shall execute the document attached hereto as Exhibit 1. Such signed undertakings shall be retained by counsel for the party who provides such material or information to such person and shall, upon request, be provided to counsel for the opposing party.

7.  Notwithstanding the above, and consistent with and pursuant to the terms of this Order, any documents, materials, and information designated as Confidential Information pursuant to the terms of this Order may be revealed, exhibited, reviewed, and otherwise disclosed during the course of formal depositions in the case, without first obtaining the above-referenced signed undertaking from the deponent.

8.  Nothing in this Order shall prevent disclosure beyond the terms of this Order if the parties consent in writing to such disclosure or if the Court, after notice to all affected parties, orders such disclosures. Moreover, this Order shall not limit any party's right to use its own Confidential Information in *any* manner that it may choose to do so, with the caveat that when doing so, the other party may also use that same Confidential Information for any legitimate

purpose  Nor shall this Order regulate the admissibility of any evidence at trial or the parties' right to introduce such evidence.

9. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

    a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

    b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

    c. prejudice in any way the rights of any party to seek a court determination of whether particular discovery materials should be produced.

10. If and when disputes arise as to the applicability of this Order to any information produced by the parties during the course of this litigation, the parties shall seek to resolve such disputes by agreement.  If the parties cannot reach an agreement to resolve such a dispute, the Court, on motion of either party, will consider and rule on the dispute; provided, however, that any Confidential Information, the designation of which is subject to dispute, shall be treated as Confidential Information subject to this Order until the Court orders otherwise.

11. The inadvertent or unintentional disclosure of any Confidential Information shall not be construed to be a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific Confidential Information disclosed or as to other related information.

12. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown, and this Order shall not be construed as a waiver by any party of

any objection that might be raised as to the discoverability or admissibility at trial of any document, information or testimony.

13. The confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom. Within thirty (30) days of final termination of this action by settlement or final judgment (and the conclusion of all appeals, if any), all documents designated as Confidential and produced in this action (including all copies, thereof, but excluding any materials which, in the judgment of counsel for the parties, constitute work-product materials) shall be returned to counsel for the producing party. If thirty (30) days have passed since termination of this action by settlement or final judgment and either party believes that the opposing party has failed to return any Confidential documents, that party is obligated to send a letter to that party's counsel providing an itemized list of all documents that have not been returned. If, for whatever reason, such confidential documents are not returned within that time, the party to whom they were produced will not be subject to any court sanction if they are returned to the producing party within twenty-one (21) days of written request. All counsel shall take steps to ensure the continued non-disclosure of Confidential Information contained in any work-product materials, and all counsel shall abide by the non-disclosure obligations of this Agreement following the return of Confidential Information. Alternatively, upon request by the opposing party following final termination of this action, opposing counsel may certify that all Confidential Information has been destroyed.

14. Jurisdiction to determine any dispute arising out of this Order after termination of this action shall be retained by the presiding court.

15. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. The Court shall retain jurisdiction to make such amendments, modifications and additions to this Order as it may from time to time deem appropriate.

16. The parties understand and acknowledge that a violation of this Order may be punishable as contempt of this Honorable Court.

SO ORDERED.

This _____ day of _____, 2013.

_____
United States District Judge